Mr. Justice Scott delivered the opinion of the Court. The complainant does not set up that he' did not attain his object of having “the cause fairly presented to a jury of the country,” which, he says, was the “end” he had in view in engaging the professional services of Isaac C. Tupper. Nor does he complain that he was in any way defrauded by any one, or in any respect injured to any extent whatever. But he complains simply, in substance, that Smith, the surviving partner of the law firm of Tupper & Smith, with which firm he contracted for the services of Tupper, performed the services himself after the death of Tupper. Had Tupper lived, the most that could have been required by the complainant, was, that he should have performed the services in a sound professional manner, and had he fallen short of his professional duty in the premises, not he alone, but the firm of Tupper & Smith, would have been responsible. Because a law firm is not only lawful, but, like other partnerships, the act of one partner, in the professional business which constitutes the subject matter of the partnership, is the act of all the partners_ If one partner receives money for his client and absconds, that is no defence for the other against the action of the client. So, if one partner should unskilfully conduct a law suit for his client, the other would be equally responsible in damages. And this would be the case, although the individual name of one of the partners was used in the conduct of the suit, and not that of the firm. In a word, every responsibility incident to other partnerships, in general attaches to legal partnerships, as well as all corresponding rights. Warner & Post v. Griswell, 8 Wendall R. 665, and cases cited. When professional business is entrusted to a law firm, there can be no sound reason why it should not be as lawfully attended to by one partner as another, provided it be conducted with due professional skill. Each partner, in any partnership, is but the agent of the firm and the principal, if not the only distinction between him as such and an ordinary agent is, that he has a community of interest with the other partner in the business and responsibilities of the firm, whereas a mere agent has no interest. But, at the same time, a partner is also a principal, in so far as his interest is concerned, and thus he embraces both characters. It follows then, necessarily, that there is nothing in the nature and essence of the professional function to forbid its being exerted by another than the party employed; otherwise legal partnerships could not be allowed. It is true that, although this is so, it would still be competent for a legal firm to contract with a client to afford him the personal services of one particular member of the firm whom he might fancy, and if the service was rendered by another member, the contract would be broken. Nevertheless, if the business was transacted with due professional skill, and the client sustained no injury, the damages for such a breach would be but nominal, and could lay no foundation for equitable interposition. In our day, at least, the professional employment is not only recognized as a legitimate and substantial business of life, but is regulated by fixed rules to insure due diligence and skill and its appropriate reward. And although, in the services of its more illustrious members, the client may incidentally have his senses delighted by some of the touches that characterize the fine arts, yet if his cause is won, or even if it be lost, and the substituted attorney comes up to the standard of due professional skill and diligence, all that is lost by the substitution of the prosey partner, is but unsubstantial matter of taste and fancy, in no way affecting injuriously the substantial purposes of the employment and the end in view. The contract for an attorney’s services is therefore unlike that for a marble statue from the chisel of some eminent sculptor, whose fame has given the chief value to his work, which at least is more agreeable than useful. When, then, the nature of the attorney’s employment is considered, and it is remembered that the engagement of the attorney, with its legal incidents, is the consideration of the contract for the fee, (2 Tuck. Lec. p. 49,) that every step thenceforward in the preparation of the cause for trial, either in examination of the law, consultation or otherwise, is.part performance of the contract, and that the firm was legally bound for due professional diligence and skill on the part of the individual partner whose services were contracted for, we are of opinion that, on the death of this partner, after the contract for his services, and before the trial term, it was not competent at that term — as was attempted in this case — for the client to refuse the services of the surviving partner without an actual tender of a fair compensation for the professional engagement made and aid already rendered under the responsibilities of the law: and, consequently, that the surviving partner, under such circumstances, had a right to tender and to render the services at his own risk, and if rendered and they could not be justly assailed for falling below the standard of due professional skill and diligence — and they have not been thus assailed in this case — that he would be entitled to the entire fee. We therefore hold, upon an application of these legal principles to the facts of this case, as they stand admitted by the demurrer, that the complainant did not show himself entitled to any relief, and therefore that the court erred in overruling the’ demurrer, and making the decree perpetuating the injunction. The decree must consequently be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer and dissolve the injunction.